**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JERALD LEROY WINGEART,

                Petitioner,                Case Number: 05-CV-74144

v.

MILLICENT WARREN,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

Petitioner Jerald Leroy Wingeart ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, challenges his convictions for felony murder and first-degree premeditated murder. Respondent has filed a motion to dismiss on the ground that the petition contains an unexhausted claim. For the reasons stated below, the court concludes that Petitioner's first claim regarding judicial bias is unexhausted and, therefore, shall dismiss the petition without prejudice, so that Petitioner may return to state court to exhaust that claim.

**I. BACKGROUND**

Following a jury trial in Shiawassee County, on November 28, 2001, Petitioner was convicted of felony murder, Mich. Comp. Laws § 750.316(1)(b), and first-degree premeditated murder, Mich. Comp. Laws § 750.316 (1)(a). The jury convicted Petitioner of first-degree murder under both theories and, having vacated one of the convictions,

the trial court sentenced Petitioner to mandatory life imprisonment without parole.

Petitioner filed his claim of appeal to the Michigan Court of Appeals within the appropriate time, and on September 23, 2003, the Michigan Court of Appeals affirmed his convictions. *People v. Wingeart*, No. 240697, 2003 WL 22204991 (Mich.App. Sept. 23, 2003). Subsequently, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal on July 29, 2004. *People v. Wingeart*, 471 Mich. 863, 683 N.W.2d 677 (2004).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the following claims for habeas relief:

> I. The trial court denied Petitioner his due process of law right to a fair trial when Judge Gerald D. Lostracco failed to recuse himself *sua sponte* from the case at bar. Petitioner's appellate counsel was ineffective for not investigating and presenting this issue to the state courts.
>
> II. The admission, under the residual hearsay exception, of two out-of-court statements by adverse witnesses violated Petitioner's constitutional right to confront and cross-examine those witnesses.
>
> III. Petitioner was denied his due process of law right to a fair trial by identification testimony that was tainted by the unfairly suggestive pretrial identification from a newspaper photograph.
>
>> A. Vergil Kreinbrink's justification of Petitioner's 2001 arraignment newspaper photograph in March 2001 as an individual he saw on January 27, 1973, was unduly suggestive and lacked a sufficient independent basis for admission.
>>
>> B. Counsel's failure to challenge the admissibility of Kreinbrink's testimony constitutes ineffective assistance of trial counsel.

## II. DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(a) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, *supra* at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) overruled in part on other grounds by *Thompson v Keohane*,516 U.S. 99. 111 (1999); see also *Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. See *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *McMeans*, *supra* at 681. Here, Petitioner did not present his judicial bias claim to the Michigan Court of Appeals or the Michigan Supreme Court. That claim, therefore, is unexhausted.

However, the exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1,

3 (1981). The court must therefore consider whether Petitioner has an avenue available for exhaustion of his unexhausted claim in state court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich.Ct.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Subsequently, Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. In this case, Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance so that the state courts have an opportunity to decide whether judicial bias was present.

Accordingly, this court will dismiss Petitioner's petition without prejudice for failure to exhaust state court remedies. Petitioner may move to reopen this matter upon exhausting his state court remedies. In order not to "'jeopardize the timeliness of a collateral attack,'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001), the court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state court remedies within sixty days from the date of this order and returning to federal court within sixty days of exhausting his state court remedies.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss

is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of state court remedies within sixty days of the date of this order and seeks leave to reopen these habeas corpus proceedings within sixty days of exhausting state court remedies.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: August 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 10, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522