**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JERALD LEROY WINGEART,

            Petitioner,                            Case Number: 05-CV-74144

        v.

MILLICENT WARREN,

            Respondent.
_____/

**OPINION AND GRANTING PETITIONER'S MOTION TO
REOPEN TIME TO FILE AN APPEAL, GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME TO FILE AN APPEAL, AND DENYING
PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY**

Petitioner Jerald Leroy Wingeart, pursuant to Federal Rules of Appellate

Procedure 4 (a)(5)(A) and (6), filed two motions on September 25, 2006: (1) a motion to

reopen the time in which to file an appeal, and (2) a motion for an extension of time in

which to file an appeal.  Both motions concern this court's dismissal of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner has also filed a notice of

appeal along with his motions.  The court must treat the notice of appeal as an

application for a certificate of appealability.  *Slack v. McDaniel*, 529 U.S. 473, 483

(2000).  For the reasons stated below, the court will grant Petitioner's motion to reopen

the time in which to file an appeal and his motion for an extension of time in which to file

an appeal.  The court, however, will deny Petitioner a certificate of appealability.

The court dismissed Petitioner's habeas petition without prejudice on August 10,

2006, for failure to exhaust available state-court remedies regarding Petitioner's judicial bias claim.  Petitioner seeks additional time to file his notice of appeal and is requests a certificate of appealability because, to date, he has not received a copy of the court's dismissal order.  Rather, on September 19, 2006, Petitioner received a copy of this court's order denying his motion to compel discovery in which the court discussed its August 10, 2006 opinion and order.

According to Federal Rule of Appellate Procedure 4 (a)(5)(A):

(A) The district court may extend the time to file a notice of appeal if:
(I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4 (a)(5)(A).  Federal Rule of Appellate Procedure 4 (a)(6) provides:

(6) Reopening the Time to File an Appeal.  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if the following conditions are satisfied:
(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appeal from within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4 (a)(6).

The court finds that Petitioner has satisfied the above requirements.  First, he states in his pleadings that he has not received notice of the court's August 10, 2006 opinion and order, and only learned of the dismissal through the court's opinion and order denying his motion to compel.  Second, Petitioner dated his motion for extension

2

of time on September 25, 2006, within seven days after he received notice of the court's decision denying his motion to compel.  Third, the court finds that the brief delay would prejudice no party in this case.

The court will therefore grant Petitioner's first two motions.  Petitioner would normally have fourteen days from the entry of this order to submit his notice of appeal. He has, however, already done so.  Petitioner filed the notice of appeal along with his motions.  Accordingly, the court finds that Petitioner's appeal is timely.

The court construes Petitioner's notice of appeal as a request for an issuance of a certificate of appealability for this court's dismissal of his petition on the basis of failure to exhaust state-court remedies regarding his judicial bias claim.  *See   Slack*, 529 U.S. 483.  Before Petitioner may appeal this court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack*, 529 U.S. at 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve

3

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether 1) petitioner states a valid claim of the denial of a constitutional right and 2) the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  *Id.*  In such a circumstance, no appeal is warranted.  *Id.*

In the present case, Petitioner has not yet exhausted his state court remedy regarding his judicial bias claim.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court.  28 U.S.C. § 2254 (b) and (c); *Welch v. Burke*, 49 F.Supp. 992, 998 (E.D.Mich. 1999).

The court has reviewed the briefs filed in the Michigan Court of Appeals and the Michigan Supreme Court.  Petitioner did not present the judicial bias claim to either of those state appellate courts.  The claim therefore is unexhausted.  Petitioner has not presented any evidence or argument to the contrary.  Nor has Petitioner demonstrated to the court that exhaustion in this case would be futile.  *Spreitzer v. Schomig*, 219 F.3d

4

639, 647 (7th Cir. 2000), *cert. denied,* 121 S.Ct. 1366 (2001).  Because Petitioner still

has an available state court remedy to raise his judicial bias claim, he is not exempt

from the exhaustion requirement.  Therefore, the court will deny Petitioner a certificate

of appealability because reasonable jurists would not find that the court's determination

or finding that the judicial bias claim is unexhausted or that the appropriate remedy is

dismissal without prejudice is debatable or wrong.  Accordingly,

IT IS ORDERED that Petitioner's "Motion to Reopen Time to File an Appeal" [Dkt

#38] is and Petitioner's "Motion for Extension of Time in which to File an Appeal" [Dkt

#39] are GRANTED.

IT IS FURTHER ORDERED that Petitioner's request for certificate for

appealability is DENIED.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 6, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 6, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522