UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERALD LEROY WINGEART,

        Petitioner,        Case Number: 05-CV-74144

v.

MILLICENT WARREN,

        Respondent.
_____/

**ORDER DENYING "APPLICATION FOR CERTIFICATE OF APPEALABILITY . . ."
AND APPLICATION/MOTION "TO PROCEED *IN FORMA PAUPERIS* ON APPEAL"**

Petitioner Jerald Leroy Wingeart has filed an application for a certificate of appealability and a motion for leave to proceed on appeal *in forma pauperis* concerning this Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254, for failure to exhaust available state-court remedies regarding his judicial bias claim.

Prior to this present motion, on September 25, 2006, Petitioner filed two motions, which the court addressed: (1) a motion to reopen the time in which to file an appeal, and (2) a motion for an extension of time in which to file an appeal.  Along with those motions to the court, Petitioner also filed a notice of appeal.  The court treated Petitioner's notice of appeal as an application for a certificate of appealability.  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Therefore, the court will consider Petitioner's present application for a certificate of appealability as a motion for reconsideration.  For the reasons stated below, will deny Petitioner's request as well as his application for *in forma pauperis* status.

**I.  STANDARD**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

**II.  DISCUSSION**

The court dismissed Petitioner's habeas petition, without prejudice, on August 10, 2006, for failure to exhaust available state-court remedies regarding Petitioner's judicial bias claim.  Petitioner then sought additional time to file his notice of appeal and requested a certificate of appealability.  On October 6, 2006, the court granted his motion for an extension of time in which to file an appeal and treated that motion as such.  The court also addressed his request for a certificate of appealability in its October 6, 2006, opinion and order:

> In the present case, Petitioner has not yet exhausted his state court remedy regarding his judicial bias claim.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court.  28 U.S.C. § 2254 (b) and (c); *Welch v. Burke*, 49 F.Supp. 992, 998 (E.D.Mich. 1999).

2

> After reviewing the briefs filed in the Michigan Court of Appeals and the Michigan Supreme Court, the court has determined that Petitioner did not present the judicial bias claim to either of those state appellate courts, and that the claim therefore is unexhausted. Petitioner has not presented any evidence or argument to contradict the court's finding on exhaustion. Nor has Petitioner demonstrated to the court that exhaustion in this case would be futile. *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000), *cert. denied,* 121 S.Ct. 1366 (2001). Because Petitioner still has an available state court remedy to raise his judicial bias claim, he is not exempt from the exhaustion requirement.
>
> Therefore, the court will deny Petitioner a certificate of appealability because reasonable jurists would not find that the court's determination or finding that the judicial bias claim is unexhausted or that the appropriate remedy is dismissal without prejudice debatable or wrong.

The court is not persuaded that the above analysis contained a palpable defect the correction of which would result in a different outcome. The court will therefore deny Petitioner's renewed request for a certificate of appealability, which renders moot his motion to proceed *in forma pauperis* on appeal.

### III.  CONCLUSION

IT IS ORDERED that Petitioner's "Application for Certificate for Appealability . . ." [Dkt #44] is DENIED.

IT IS FURTHER ORDERED that Petitioner's Application/Motion "to Proceed *In Forma Pauperis* on Appeal" [Dkt #43] is DENIED AS MOOT.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522