UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JERALD LEROY WINGEART,

        Petitioner,

                                          Case Number: 05-CV-74144

v.

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S "MOTION TO REOPEN PETITIONER'S WRIT OF
HABEAS CORPUS PETITION" AND "MOTION FOR LEAVE TO AMEND"**

      Pending before the court are Petitioner Jerald Leroy Wingeart's "Motion to Reopen Petitioner's Writ of Habeas Corpus Petition" and "Motion for Leave to Amend," along with a "Resubmitted and Amended Petition," all filed on September 29, 2009. Petitioner filed a *pro se* petition for a writ of habeas corpus on October 28, 2005. On November 10, 2005, this court ordered Respondent to answer Petitioner's petition by May 8, 2006. In lieu of filing an answer, Respondent filed a "Motion to Dismiss" on May 8, 2006. The Rule 5 materials were filed on May 12, 2006.

      Following, on August 10, 2006, the court granted Respondent's motion to dismiss; the petition contained claims which allegedly had not been exhausted in state court. In its opinion and order, the court directed that the petition would be stayed provided that Petitioner: (i) presented his claims in state court within sixty days of the court's order staying the petition; and (ii) asked the court to lift the stay within sixty days of exhausting his state court remedies.

For the reasons stated below, the court will grant Petitioner's motion to reopen his case and his motion to amend his petition; the stay is lifted and Petitioner's attached amended petition is deemed as properly filed. The court will also order that the Clerk of the Court reopen Petitioner's case.

## I.  BACKGROUND

In his pleadings, Petitioner states that he has exhausted his state court remedies through collateral review in state court. On October 2, 2006, Petitioner filed a motion for relief for judgment, pursuant to Mich. Ct. R. 6.500, which was denied on April 4, 2007. *People v. Wingeart*, No. 01-6417-FC (Shiawassee County Circuit Court Apr. 4, 2007).

Subsequently, Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals, which the Court of Appeals denied on October 24, 2008. *People v. Wingeart*, No. 283378 (Mich. Ct. App. Oct. 24, 2008). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court. The Michigan Supreme Court denied the application on August 6, 2009. *People v. Wingeart*, 769 N.W.2d 671 (Mich. 2009). On that basis, the court finds that Petitioner has exhausted his state court remedies.

## II.  DISCUSSION

Here, the court finds that Petitioner has complied with the court's order. He has returned to this court to request the stay be lifted within sixty days, as was required.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner is alleging that his claims have been exhausted with the state

courts, his petition is now ripe for consideration.  Accordingly, the court will order that the original habeas petition be reopened.

The court also grants Petitioner's motion to amend his habeas petition.  The decision to grant or deny a motion to amend is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed. R. Civ. P. 15).  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted.  *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

The court will permit Petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this court and there is no evidence of bad faith on Petitioner's part in bringing the motion.  The court also finds that there is no prejudice to Respondent if the motion is granted.  *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994).

### III.  CONCLUSION

IT IS ORDERED that Petitioner's motion to reopen the case [Dkt. #51] is GRANTED.  The Clerk of Court is directed to REOPEN this matter.

IT IS FURTHER ORDERED that the motion to amend the petition [Dkt. # 49] is GRANTED and Petitioner's attached amended petition [Dkt. # 50] is deemed as properly filed.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2009, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522