UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERALD WINGEART,

        Petitioner,               Case Number 05-74144
                                                   Honorable David M. Lawson

v.

MILLICENT WARREN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR JUDICIAL NOTICE

This habeas corpus matter is before the Court on the petitioner's motion for judicial notice. The petitioner asks the Court to take judicial notice of (1) Judge Gerald D. Lostracco's statements during a hearing on April 2, 2007; (2) the fact that the jury, on the second day of jury deliberations, requested to see the firearm introduced as PX 24 and the bullets that were removed from it; (3) the location within the docket of the Rule 5 materials; (4) the fact that *Crawford v. Washington*, 541 U.S. 36 (2004) was decided on March 8, 2004, and that the petitioner's direct appeal to the Michigan Supreme Court, his request for reconsideration, and his petition for writ of certiorari to the Supreme Court were all denied after *Crawford* was decided; (5) the fact that the petitioner cited *Crawford v. Washington*, 541 U.S. 36 (2004), in a motion for reconsideration; (6) the fact that the petitioner cited *In re Murchison*, 349 U.S. 133 (1955), and *Withrow v. Larkin*, 421 U.S. 35 (1975), in his briefs to all three state courts; (7) the fact that the Michigan Court of Appeals issued some findings of fact in its unpublished opinion; (8) two political advertisements that were printed in the Argus-Press newspaper in Owosso, Michigan in October 1976; (9) the fact that Judge Lostracco was quoted in the Argus-Press in October 1976 as saying he was the "Chief Law Enforcement Officer" of

Shiawassee County at that time; (10) twelve Michigan state police reports; and (11-17) the location of several of his exhibits in the docket.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As the Sixth Circuit has explained, "[J]udicial notice is available only for 'adjudicative facts,' or the 'facts of the particular case,' as opposed to . . . facts 'which have relevance to legal reasoning' . . . Thus, judicial notice is generally not the appropriate means to establish the legal principles governing the case." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 350 (6th Cir. 2002). When requested by a party, judicial notice is mandatory if the court is supplied with "the necessary information." Fed. R. Evid. 201(d).

The petitioner argues that the Court should take judicial notice of state court Judge Gerald D. Lostracco's statements during the April 2, 2007 hearing on the petitioner's motion for relief from judgment, certain requests by the trial jury, arguments made in the state appellate court, and appellate court findings because courts are allowed to take judicial notice of proceedings in other courts of record. The petitioner is correct with respect to that narrow argument; "federal courts may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82 (6th Cir. 1969) (taking judicial notice of a habeas petitioner's state court filings for purposes of deciding an exhaustion question); *see also United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977). Judicial notice may be taken of judicial decisions, "even where those decisions contain disputed statements of fact, as long as [the court] take[s] judicial notice for some purpose other than

-2-

to take a position on the disputed fact issue." *Don Lee Distributor, Inc. v. NLRB*, 145 F.3d 834, 841 n.5 (6th Cir. 1998).

However, judicial notice was used in those cases to incorporate facts that were not already a part of the record in the court taking notice. The petitioner asks the Court to take notice of material that is already before the Court as part of the Rule 5 material. *See* Sept. 2, 2010 Order Granting Pet'r's Mot. to Supplement the State Ct. R. pursuant to Rule 5 of the Rule Governing Section 2254 Cases at 2 (requiring transcript of April 2, 2007 hearing be included in the Rule 5 materials). It is inappropriate to judicially notice facts from other proceedings for the purpose of establishing the truth of those facts. *Don Lee Distributor*, 145 F.3d at 841 n.5. The purpose of judicial notice is to make a court's acceptance of a well-known or undisputable fact more convenient. *See United States v. Bari*, 599 F.3d 176, 180 (2nd Cir. 2010). The contents of a trial record are unique to a specific case and hardly well-known or undisputed. The petitioner's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth requests for judicial notice ask the Court to take judicial notice of facts already contained in the Rule 5 materials. For that reason they will be denied. Therefore, the petitioner's motion will be denied.

In his tenth request, the petitioner asks the Court to take judicial notice of the fact that there was an investigation from August 1974 to December 1974 concerning the origin of a gun found in the Shiawassee River in Owosso, Michigan, which was believed to be the weapon used in the murder for which petitioner was convicted. The petitioner relies on several Michigan State Police reports and correspondence to establish this fact. It is clear from the reports that the petitioner asks the Court to take judicial notice that there was a police investigation during the wrong time frame.

The first police report, dated July 12, 1974, indicates that Detective Barnes had traced the gun to Jim's Pawn Shop in Yuma, Arizona by July 1, 1974, and the last correspondence between the Yuma Police Department and the Michigan State Police provided by the petitioner, dated November 22, 1974, indicates that the Yuma Police Department was unable to locate the correct Robert Shaw, the last owner of record of the firearm in question.  There is no need, however, to take judicial notice of the police investigation because the state court already has addressed that point.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires this Court to presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").  In its opinion affirming the petitioner's conviction, the Michigan Court of Appeals stated:

> On June 9, 1974, a rusted Rohm .22 caliber revolver believed to be the murder weapon was recovered submerged in water on a dam in a river in Owosso. Specifically, the gun was found between 100 and 150 feet north of the M-21 bridge of the Shiawassee River.  The police ascertained that a pawnshop in Arizona sold the gun to Robert Shaw, but at that time could not locate the buyer.

*People v. Wingeart*, No. 240697, 2003 WL 22204991, at *1 (Mich. Ct. App. Sept. 23, 2003).  It is not appropriate to take judicial notice of the petitioner's construction of the facts.  Therefore, the petitioner's tenth request will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion for judicial notice [dkt. #62] is **DENIED**.

                                                        s/David M. Lawson  
                                                        DAVID M. LAWSON

                                                      United States District Judge

Date:   March 23, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means or first class U.S. mail on March 23, 2011.

                                        S/Deborah R. Tofil
                                        DEBORAH R. TOFIL