UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERALD LEROY WINGEART,

     Petitioner,         Case No. 05-74144
                   Honorable David M. Lawson

v.

MILLICENT WARREN,

     Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

  Petitioner Jerald Leroy Wingeart filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for the 1973 murder of twenty-year-old Dawn Magyar. Wingeart was convicted by a Michigan jury on November 28, 2001, twenty-eight years after Magyar was murdered. He contends that his first-degree murder conviction and life prison sentence are unconstitutional because: (1) his rights under the Confrontation Clause were violated when the trial court admitted two hearsay statements concerning destroyed business records that established a chain of custody for a revolver that he allegedly used to murder Magyar after abducting her and raping her; (2) the trial judge was biased because he was an assistant prosecutor in 1974 and then the prosecutor before becoming a judge in 1985; (3) trial counsel was ineffective by failing to move to disqualify the trial judge; and (4) appellate counsel was ineffective by failing to raise the disqualification claim in his direct appeal.

  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

    The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

1

2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to show that any decision of a state court relating to his claims was contrary to or an unreasonable application of clearly established federal law, and that reasonable jurists could not debate the Court's conclusions as to any of the issues that the petitioner raises.  The Court therefore will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  February 22, 2013

2

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL